RUTH A. MOORE, Appellee, v. H. A. MOORE, Appellant.

**DIVORCE:** Cruelty—Evidence. Evidence held to amply justify a' de-
1    cree on the ground of cruel and inhuman treatment.

**DIVORCE:** Alimony—Financial Condition of Plaintiff Wife. In ad-
2    justing the amount of alimony on the basis of the husband's means,
the court should give *some* consideration to the financial expectations of the wife.

*Appeal from Woodbury District Court.*—JOHN W. ANDERSON,
Judge.

OCTOBER 25, 1921.

SUIT for divorce on the ground of cruel and inhuman treatment. There was a decree for the plaintiff, and the defendant appeals.—*Modified and affirmed.*

*Clark, Byers & Hutchinson* and *Gregory Brunk,* for appellant.

*Henderson, Fribourg & Hatfield,* for appellee.

EVANS, C. J.—I. The parties were married in June, 1917. This suit was brought two years later. The ground charged by the plaintiff was cruel and inhuman treatment. The record is quite replete with evidence tending to show the same. As to the larger merits of the case, the appeal presents to us only the question of fact as to whether the cruel treatment was proved. In view of our

1. DIVORCE: cruelty: evidence.

agreement with the conclusion of the trial court, we see no purpose to be subserved by a discussion of the details of the evidence. The parties are young people, and the plaintiff is frail, in physique, weighing only 97 pounds. That she has suffered great indignity and cruelty of conduct at the hands of the defendant, is shown beyond fair debate. Such conduct consists of actual battery; of insulting words frequently repeated; of repeated threats, including the brandishing of weapons, and on one occasion, an actual shooting of a bullet through the wall of the room where the plaintiff was confined to her bed, with her new-born babe; of a domineering assertion of personal authority over the plaintiff, whereby at times he held her in imprisonment by locking her in her room. Many of the circumstances testified to on behalf of the plaintiff are explained by the defendant. The explanations in the main are labored and unsatisfactory. We are clear, upon the record, that the plaintiff was legally entitled to the divorce prayed.

II. The trial court awarded the custody of the child to the plaintiff. When it is stated that the child is a little girl less than two years of age at the time of the trial, the propriety of the order of the court is quite self-evident.

III. The trial court ordered the defendant to pay alimony for the support of the plaintiff and her child at the rate of $150 per month. Complaint is made that the allowance is excessive. The evidence in the record on the question of the financial means of the parties is very meager. The defendant is a young man who is in the employ of his father, in the business of selling corporation stock. He receives a salary of $250 per month. His tangible assets are comparatively few, amounting to not more than $5,000 or $6,000. The plaintiff inherited from her father's estate, shortly before the marriage, about $80,000 in value, in the form of an undivided interest in real estate. Before the marriage, she conveyed it by quitclaim deed to her mother. Her brother, who was the only other beneficiary of the estate, did likewise. This comprised all her assets. She lives with her mother, and has lived with her mother during her married life. We cannot wholly ignore the relation thus created between her and her mother, and her probable expectation as resulting therefrom. The burden was

2. Divorce: alimony: financial condition of plaintiff wife.

upon the plaintiff to make a showing that would justify the award of alimony claimed. The defendant was cross-examined on the question of his means, and there is much in his cross-examination that is evasive. Appellee relies largely upon this cross-examination as a sufficient excuse for the absence of testimony. While there is nothing to commend in the attitude of the defendant in such cross-examination, it related in the main to the question whether his cash on hand exceeded $100. It does not appear that the defendant has ever come into any inheritance or gift, or that he has anything except what he may have saved from his own earnings, within a very few years. His habits do not appear to have been of the saving kind. Making due allowance against him for his conduct upon cross-examination, we do not think that the evidence in its entirety would justify a finding of assets in his hands greater than the amount herein stated. We reach the conclusion, therefore, that the amount of alimony allowed, under all the circumstances, was excessive, and that it should be reduced to $75 per month. To this extent, the decree below will be modified; otherwise, affirmed, without costs against appellee.—*Modified and affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.